IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PATRICIA RENSHAW,

    Plaintiff,

    v.

WALMART INC., *et al.*,

    Defendants.

Civil No. 25-774 (RMB/EAP)

**MEMORANDUM ORDER**

    **THIS MATTER** comes before the Court, *sua sponte*, after receiving the Notice of Removal filed by Defendants Walmart Inc., Walmart Supercenter, Walmart, Walmart Stores, and Walmart Corp. (collectively, Walmart). [Docket No. 1.] Walmart removed this slip-and-fall lawsuit based only on diversity of citizenship jurisdiction. [Notice ¶ 6.] There appears to be no other basis for this Court's subject matter jurisdiction since Plaintiff Patrica Renshaw sues Walmart for state-law negligence. [*Id.* ¶ 19, Ex A. (Compl.) (Docket No. 1-2).] Walmart claims removal is proper since the parties are citizens of different states and the amount in controversy exceeds $75,000. [*Id.* ¶¶ 14-18, 26, 28.]

    Subject matter jurisdiction based on diversity of citizenship requires: (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) that it "is between citizens of different States." 28 U.S.C. § 1332(a)(1). Jurisdiction under § 1332(a) requires "complete diversity," meaning that no plaintiff can be a citizen of the same state as any defendant. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005)). To determine whether a claim exceeds the required amount in controversy, courts must examine the "'value

1

of the rights being litigated,' . . . or 'the value of the object of the litigation.'" *Hobson v. Double Tree Suites by Hilton Philadelphia*, 2021 WL 3260850, at *3 (D.N.J. July 30, 2021) (quoting *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) and *Hunt v. Wash. State Apple Advers. Comm'n*, 432 U.S. 333, 347 (1977)). The party invoking federal jurisdiction must show by the preponderance of evidence that the amount in controversy exceeds $75,000. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016).

When a case is removed to federal court, the removing defendant must show the court has subject matter jurisdiction over the case. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 347 (D.N.J. 2010) (citing *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005)). Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli*, 591 F.3d at 418. In fact, when a case is removed to federal court, the court must remand the matter "[i]f at any time before final judgment it appears that the . . . court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Walmart asserts that the Complaint's boilerplate language—that Renshaw suffered "serious personal injuries" and "significant permanent disabilities"—is enough to carry its burden to show removal is proper. [Notice ¶¶ 25-26.] Pointing to *Andino v. Walmart*, 2024 WL 3912985 (D.N.J. Aug. 23, 2024), Walmart contends that a plaintiff's use of the words serious, severe, or significant in a pleading is enough for courts to infer the amount in controversy threshold is met to support removal. [*Id.*]

The Court is unpersuaded by *Andino* for a few reasons. First, *Andino* is about a motion to remand and the timing to remove under 28 U.S.C. § 1446(b). Second, courts in this District *had* applied two approaches to determine the starting point for § 1446(b)'s 30-day window to

remove: the bright-line approach and the subjective-inquiry approach. *See generally Riconda v. US Foods, Inc.*, 2019 WL 1974831, at *5-7 (D.N.J. May 3, 2019). Third, the Third Circuit has adopted the bright-line approach to determine when § 1446(b)'s countdown begins. *McLaren v. UPS Store Inc.*, 32 F.4th 232, 238-39 (3d Cir. 2022). By that approach, "if the complaint fails to plead specific damages or otherwise clarify that the amount in controversy exceeds $75,000, the thirty-day removal period will not begin to run until the defendant receives a document that clearly states the amount in controversy is more than $75,000." *Tarakciyan v. Supercenter-Secaucus*, 2023 WL 5807374, at *3 (D.N.J. Aug. 17, 2023) (citation and internal quotation marks omitted), *report and recommendation adopted sub nom. Tarakciyan v. Walmart Supercenter-Secaucus*, 2023 WL 5806343 (D.N.J. Sept. 7, 2023). Given *McLaren*, *Andino* is not controlling since it followed the subjective-inquiry approach. 2024 WL 3912985, at *4.

Setting *Andino* aside, Walmart has failed to show the amount of controversy is satisfied. The Complaint's use of the phrases "serious personal injuries" and "significant permanent disabilities" is not enough for this Court to find, more likely than not, that Renshaw's negligence claim exceeds the amount of controversy. *Penn v. Wal-Mart Stores, Inc.*, 116 F. Supp. 2d 557, 561 (D.N.J. 2000) ("Where the complaint is 'open-ended' and does not allege a specified amount, the district court should perform its 'own independent appraisal of the value of the claim.'" (quoting *Angus*, 989 F.2d at 145-46)). Third Circuit courts have refused to find the amount of controversy satisfied through a plaintiff's mere allegations of serious or severe injuries. *Id.* at 567 (finding plaintiff's allegation of "'severe' knee pain" not enough to show plaintiff's claim exceeded amount of controversy); *see also Stevenson v. Wal-Mart Stores, Inc.*, 2015 WL 158811, at *3 (E.D. Pa. Jan. 13, 2015) ("An allegation of

3

severe and serious injuries, however, does not automatically translate into the likelihood that the damages will be more than $75,000." (quoting *Fosbenner v. Wal-Mart Stores, Inc.*, 2001 WL 1231761, at *3 (E.D. Pa. Oct. 12, 2001))).

While the Complaint doesn't specify damages, Walmart could have obtained more information on the amount in controversy by serving a Demand for a Statement of Damages allowed by New Jersey's court rules before removal. *See Gable v. Target Corp.*, 2015 WL 790548, at *1 (D.N.J. Feb. 24, 2015) ("As is proper under the New Jersey Court Rules, the Complaint does not plead a specific amount of monetary damages. . . . However, Defendant could have obtained this information through a procedural mechanism designed for this very purpose [namely] New Jersey Court Rule 4:5–2."); *see also Lang v. Baker*, 501 A.2d 153, 157 (N.J. 1985) (explaining that "the [Rule 4:5-2] statement may serve as a guide for immediately determining whether there is a sufficient amount in controversy to support jurisdiction in the federal courts"). Because this Court has no real understanding of the nature or severity of Renshaw's injuries, the Court cannot determine, by a preponderance of the evidence, that an amount greater than $75,000 is in controversy.

Therefore, for the above reasons, and for other good cause shown,

**IT IS**, on this **3rd** day of **February 2025**, hereby:

**ORDERED** that this action is **REMANDED** to the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. GLO-L-1621-24, and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**s/Renée Marie Bumb**
Renée Marie Bumb
Chief United States District Judge
